**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROMMEL E. SEDIN,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH E. KRAKORA, et al.,<br><br>Defendants. | Civil Action No. 17-7192-BRM-TJB<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** has been opened to the Court by Plaintiff Rommel E. Sedin ("Plaintiff"), a state prisoner confined in the Middlesex County Adult Correction Center, raising civil rights claims pursuant to 42 U.S.C. § 1983, upon the filing of a Complaint (ECF No. 1) and a request to proceed *in forma pauperis* (ECF No. 1-1).[1] For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE** and his Complaint is **ADMNISTRATIVELY TERMINATED** as Plaintiff has neither paid the appropriate filing fees nor filed a complete application to proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, stating the prisoner is unable to pay the filing fee for the complaint. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of

[1] Plaintiff submitted an inmate account statement (ECF No. 1-1), which this Court construes as a request to proceed *in forma pauperis*.

his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. If *in forma pauperis* status is denied, a prisoner must pay the full $400, including the $350 filing fee and $50 administrative fee, before his complaint will be filed. If the prisoner is granted *in forma pauperis* status, he will only be assessed the $350 filing fee and will not be responsible for the $50 administrative fee. The full amount of the $350 filing fee is paid pursuant to 28 U.S.C. § 1915(b) as follows: In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff has failed to pay the applicable filing fees or file a complete application to proceed *in forma pauperis.* Although Plaintiff provided the Court with an inmate account statement (ECF No. 1-1), Plaintiff's account statement has not been certified by the appropriate official at the facility in which Plaintiff is imprisoned, as required by § 1915(a)(2). Plaintiff has also failed to provide the Court with an affidavit containing a statement of all of his assets which sets forth his indigence. Because Plaintiff has failed to provide either an affidavit setting forth his indigence as required by § 1915(a)(1) or the certified account statement required by § 1915(a)(2), Plaintiff has failed to meet the requirements set forth in the *in forma pauperis* statute, and his request to proceed without prepayment of the appropriate filing fees is **DENIED WITHOUT PREJUDICE**. Accordingly, this matter is **ADMINISTRATIVELY**

**TERMINATED** until such time as Plaintiff either pays the applicable fees or files a complete *in forma pauperis* application. Accordingly,

**IT IS** on this 5th day of June 2017,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 1-1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either: (1) a complete, signed *in forma pauperis* application, including an affidavit setting forth his inability to pay the appropriate filing fees and a six month inmate account statement certified by the appropriate official at the Middlesex County Adult Correction Center; or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application including a certified account statement or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**